IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **PAL TIGERT,** § | |
| § | |
| **Plaintiff.** § | |
| vs. § | |
| § | Civil Action No. _____ |
| **TYRONE ROGERS, in his individual** § | |
| **capacity, MOISES RODRIGUEZ, in his** § | |
| **individual capacity and JUDY PEREZ,** § | |
| **in her individual capacity,** § | **JURY DEMANDED** |
| § | |
| **Defendants.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Pal Tigert ("Plaintiff"), and files this his Original Complaint against Defendants Tyrone Rogers, Moises Rodriguez and Judy Perez, all in their individual capacities, and would respectfully show the Court as follows:

**I.**

**Preliminary Statement**

1. Plaintiff Tigert, who was subjected to unlawful arrest and unlawful detention, commences this civil action pursuant to 42 U.S.C. §1983 which provides, in relevant part, for redress for every person within the jurisdiction of the United States for the deprivation under color of state law of any rights, privileges or immunities secured by the Constitution and laws.

2. Specifically, Plaintiff Tigert's unlawful arrest and subsequent detention violated rights guaranteed to Plaintiff Tigert by the Fourth Amendment to the United States Constitution made applicable to Defendants Tyrone Rogers ("Rogers"), Moises Rodriguez ("Rodriguez") and Judy

Perez ("Perez") (cumulatively referred to hereinafter as the "Pittsburg Defendants").

3. Plaintiff Tigert seeks compensatory and punitive/exemplary damages together with reasonable attorney fees and costs as authorized by 42 U.S.C. §1988.

## II.

## Jurisdiction

4. Jurisdiction over Plaintiff Tigert's constitutional claims for which redress is provided by 42 U.S.C. §1983 is conferred on this Court by 28 U.S.C. §1343(3). Federal question jurisdiction is also conferred on this Court by 28 U.S.C. §1331 because this action arises under the Constitution and laws of the United States.

## III.

## Venue

5. Venue is proper in the United States District Court for the Eastern District of Texas, Marshall Division, because all of the acts complained of took place in Camp County, Texas.

## IV.

## Parties

6. **Plaintiff Pal Tigert** is a citizen of the United States and a resident of the State of Texas.

7. **Defendant Tyrone Rogers** was the Chief of Police of the Pittsburg Independent School District Police Department at all relevant times. It is, and was, Defendant Rogers' responsibility and duty to treat all citizens, including Plaintiff Tigert, in accordance with minimum Constitutional and statutory requirements. This includes the duty not to subject citizens to unlawful arrests. Defendant Rogers, as a supervisor, also had the duty to ensure that subordinates under his supervision did not violate the Constitutional rights of citizens.

8.     **Defendant Moises Rodriguez** was the sergeant of the Pittsburg Independent School District Police Department at all relevant times.  It is, and was, Defendant Rodriguez's responsibility and duty to treat all citizens, including Plaintiff Tigert, in accordance with minimum Constitutional and statutory requirements.  This includes the duty not to subject citizens to unlawful arrests and unlawful detention.  Defendant Rodriguez, as a supervisor, also had the duty to ensure that subordinates under his supervision did not violate the Constitutional rights of citizens.

9.     **Defendant Judy Perez** was a peace officer of the Pittsburg Independent School District Police Department at all relevant times.  It is, and was, Defendant Perez's responsibility and duty to treat all citizens, including Plaintiff Tigert, in accordance with minimum Constitutional and statutory requirements.  This includes the duty not to subject citizens to unlawful arrests and unlawful detention.

## V.

### Relevant Facts

10.    Plaintiff Tigert incorporates by reference paragraphs 1 through 9, as is fully set forth herein.

11.    On February 5, 2019, Plaintiff Tigert was employed by the Pittsburg Independent School District as a High School teacher.  Plaintiff Tigert had previously worked fourteen (14) years as a teacher for the Mount Pleasant Independent School District.  Plaintiff Tigert had a solid reputation as a teacher and a law abiding citizen.  Prior to February 5, 2019, Plaintiff Tigert had never been arrested.

12.    At approximately 10:00 a.m. on the morning of February 5, 2019, Plaintiff Tigert was teaching an eleventh grade U.S. History class when someone knocked on his classroom door.  Plaintiff Tigert opened the door and was informed by an Assistant Principal that he needed to go to

the teacher parking lot.

13. Upon arrival at the teacher parking lot, the Pittsburg Defendants were present and gathered around the area where Plaintiff Tigert's personal truck was parked. Defendant Rogers, the Chief of Police, informed Plaintiff Tigert that a canine had "alerted" on his personal truck. Apparently, the Pittsburg Independent School District Police Department had hired a third-party company to conduct a contraband search of vehicles in the teachers' parking lot using a canine. Plaintiff Tigert was then ordered by Defendant Rogers to open his truck for a search. Plaintiff Tigert complied.

14. Both Defendant Rogers and the canine handler searched Plaintiff Tigert's truck. Defendant Rogers exited Plaintiff Tigert's truck holding a prescription bottle. Plaintiff Tigert had forgotten that his lawful prescription bottle was in his truck. On or about July 20, 2017, Plaintiff Tigert had been a patient of Dr. Richard Gibson, DDS, and had received the lawful prescription for pain mediation following dental services. The prescription bottle, orange in color with a blue top, conspicuously and clearly displayed the name "Pal Tigert". The prescription was for "acetami/codeine", a substitute for Tylenol with codeine. The prescription bottle contained four (4) remaining pills from the original prescription. The prescription bottle reportedly had a discard date of July 20, 2018 (i.e. one year after the prescription was filled).

15. Upon discovering the prescription bottle, Defendant Rogers became agitated. Plaintiff Tigert informed Defendant Rogers that the prescription bottle contained his name and had been lawfully prescribed to him by his dentist. Defendant Rogers then told Plaintiff Tigert that the pills were "illegal" because they were "expired". Defendant Rogers told Defendant Perez to stay with Plaintiff Tigert while Defendant Rogers went into a school building. Several minutes later, Defendant Rogers came back out to the parking lot and told Defendant Perez to "put the cuffs on him."

Defendant Perez then asked Plaintiff Tigert to place his hands behind his back; whereupon, Defendant Perez placed handcuffs on Plaintiff Tigert.

16. Plaintiff Tigert was shocked at his arrest and asked Defendant Perez why he was being arrested. Defendant Perez informed Plaintiff Tigert that he was being arrested because his prescribed mediation had expired. Plaintiff Tigert was stunned. Plaintiff Tigert knew that possession of "expired" lawful medication was not a criminal offense. In front of students and other school personnel, Plaintiff Tigert was placed in the back of a police vehicle. While seated in the police vehicle, Plaintiff Tigert again protested his arrest to Defendant Perez to no avail. Then, Defendant Rodriguez, both a sergeant with the Pittsburg Independent School District Police Department and a supervisor of Defendant Perez, assisted Defendant Perez in detaining and transporting Plaintiff Tigert to the Camp County Sheriff's Department jail.

17. During the book-in process at the Camp County Jail, Plaintiff Tigert again protested his arrest to both Defendants Perez and Rodriguez. Plaintiff Tigert repeatedly told them the medication was in his name and had been lawfully prescribed to him. Defendant Perez told Plaintiff Tigert that, because his medication had "expired", he was being arrested. Plaintiff Tigert was treated as a criminal drug offender. Plaintiff Tigert observed both Defendants Perez and Rodriquez preparing the paperwork related to his arrest. Plaintiff Tigert also overheard Defendant Rodriguez telling Defendant Perez what to write on the paperwork.

18. With the assistance of Defendant Rodriguez, Defendant Perez drafted and swore under oath to an "Affidavit Submitted for Probable Cause Determination". The affidavit accused Plaintiff Tigert of committing the offense of "Possession penalty group 4. Drug Free Zones MA 481.134(f)." However, possession of expired prescription medication in your own name is not a crime. Never

has been.

19.     Defendants Rodriguez and Perez knew from their education, training and experience that a Magistrate Judge would be reviewing the probable cause affidavit to make a determination of probable cause.  Defendants Rodriguez and Perez, however, intentionally, knowingly and/or with reckless disregard withheld critical exculpatory information from the Magistrate Judge.  Specifically, in the "Affidavit Submitted for Probable Cause Determination", Defendants Perez and Rodriguez did not inform the Magistrate Judge that the prescription medication had been lawfully issued to Plaintiff Tigert and was in a prescription bottle containing Plaintiff Tigert's name.  The "Affidavit Submitted for Probable Cause Determination", sworn to by Defendant Perez, reads, in relevant part, as follows:

> "I, Officer Perez, of Pittsburg ISD Police Dept. on 02-05-2019 approximately 10:15 assisted in the administration of a contraband search on the teacher parking of the Pittsburg High School.  During that search, a vehicle belonging to Tigert, Palmarion (DOB 1-18-1960) InterQuest canine conducted a search in where they found an acetami/codeine 300-30 mg pill bottle that was expired 07-20-2018, four tablets of the above named substance (Penalty Group 4. 481.105) were inside the bottle.  Tigert was placed in custody and transported to the Camp Co. Jail where he was booked in for Possession Penalty Group 4. 481.118 Drug Free Zones. 481.134(f)."

As a result, the Magistrate Judge held Plaintiff Tigert in custody at the Camp County Jail and set his bond at $5,000.00.

20.     As a direct result of the Pittsburg Defendants' unconstitutional conduct, Plaintiff Tigert, a respected High School history teacher, was handcuffed, arrested, placed in the back of a police vehicle, fingerprinted, placed in a jailhouse uniform, subjected to a mug shot, illegally detained and subjected to public humiliation.  Plaintiff Tigert was further forced to post a bond and retain a criminal defense attorney.  Shortly after retaining his attorney, Plaintiff Tigert's attorney presented the true facts to the Camp County Attorney.  Although the Camp County Attorney dismissed the bogus "expired" drug possession charge (calling the charge "invalid"), the damage to Plaintiff Tigert

had been done. The Pittsburg Defendants, each of them, should be held accountable for their unconstitutional acts and omissions.

## VI.

### Color of Law

21. At all relevant times, the Pittsburg Defendants were acting under color of law. Each of the Pittsburg Defendant had a sworn duty to protect and defend the Constitutional rights of Plaintiff Tigert. Each Pittsburg Defendant failed in their Constitutional duty.

## VII.

### Causes of Action

### Count One - False Arrest

22. Plaintiff Tigert incorporates by reference paragraphs 1 through 21, as is fully set forth herein.

23. Defendants Rogers, Perez and Rodriguez falsely arrested Plaintiff Tigert in violation of the Fourth Amendment.

24. Specifically, the Fourth Amendment protects "[t]he rights of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." Fourth Amendment seizures are reasonable only if based on probable cause to believe that an individual has committed, or is committing, a crime. In this case, Plaintiff Tigert committed no crime and no actual probable cause existed for his warrantless drug arrest. A warrantless arrest without probable cause violates clearly established law defining an individual's rights under the Fourth Amendment. As a direct and proximate result of the Pittsburg Defendants' unconstitutional arrest of Plaintiff Tigert, Plaintiff Tigert has sustained damages.

## Count Two - Unlawful Detention

25. Plaintiff Tigert incorporates by reference paragraphs 1 through 24, as is fully set forth herein.

26. Defendants Perez and Rodriguez caused Plaintiff Tigert to be unconstitutionally detained following his arrest in violation of the Fourth Amendment.

27. Specifically, Plaintiff Tigert's detention at the Camp County Jail was the result of material, exculpatory evidence being withheld, rather than being supported by actual probable cause. Defendants Perez and Rodriguez intentionally, knowingly and/or with reckless disregard failed to inform the Magistrate Judge that the prescription bottle was in the name of Plaintiff Tigert and had been lawfully prescribed to him. There was no probable cause for Plaintiff Tigert's arrest. Defendants Perez and Rodriguez tainted the Magistrate Judge's review of probable cause. Defendants Perez and Rodriguez failed to provide known exculpatory facts to the Magistrate Judge. The Fourth Amendment prohibits government officials from detaining a person in the absence of actual probable cause. As a direct and proximate result of Defendants Perez's and Rodriguez's unconstitutional detention of Plaintiff Tigert, Plaintiff Tigert has sustained damages.

## VIII.

## The Pittsburg Defendants are not Entitled to Qualified Immunity

28. Plaintiff Tigert incorporates by reference paragraphs 1 through 27, as is fully set forth herein.

29. In the event the Pittsburg Defendants plead the defense of qualified immunity, Plaintiff Tiger would show that the Pittsburg Defendants are not entitled to that defense. When resolving qualified immunity, courts determine (1) whether the facts, taken in the light most favorable to the party asserting the injury, show the officer violated a federal right and (2) whether the right was clearly established when the violation occurred. An officer's conduct violates clearly established law when

the contours of a right are sufficiently clear that every reasonable officer would have understood that what he or she is doing violates that right. Qualified immunity does not protect officers who are plainly incompetent or those officers who knowingly violate the law.

30. Here, the Pittsburg Defendants were plainly incompetent and/or knowingly violated the most basic principals of clearly established Fourth Amendment law. The clearly established Constitutional rights asserted by Plaintiff Tigert are to be free from arrest without probable cause and to be free from detention without probable cause. Prior to February 5, 2019, it was clearly established law that a warrantless arrest without probable cause violates clearly established law defining an individual's rights under the Fourth Amendment. Plaintiff Tigert was arrested for a crime that did not exist (i.e. "expired" prescription medication). Plaintiff Tiger was arrested by the Pittsburg Defendants without any probable cause for the bogus drug charge. It was also clearly established law prior to February 5, 2019, that a person's Fourth Amendment rights are violated if that person is detained without probable cause. Defendants Perez and Rodriguez made material and highly relevant omissions in the probable cause affidavit which tainted the Magistrate Judge's review for probable cause. Defendants Perez and Rodriguez (a supervisor who reviewed the probable cause affidavit) withheld exculpatory facts from the Magistrate Judge. No reasonable police officer could have believed that the arrest and detention of Plaintiff Tigert to be lawful in light of clearly established law and the information the Pittsburg Defendants possessed at the time of the arrest and detention.

## IX.

### Damages

31. The Pittsburg Defendants' actions, each of them, proximately caused Plaintiff Tigert to suffer damages. Specifically, Plaintiff Tigert, as a direct and proximate results of the Pittsburg Defendants'

wrongful and unconstitutional actions, has suffered past mental pain, anguish and distress; will suffer mental pain, anguish and distress in the future; has suffered loss of his liberty; has suffered damage to his reputation; will suffer damage to his reputation in the future; has suffered extreme embarrassment and humiliation; will suffer extreme embarrassment and humiliation in the future; has suffered the costs of retaining an attorney to represent him with regard to the bogus criminal charge; has suffered the costs of bonding out of the Camp County jail as a result of the bogus criminal charge; and will suffer the costs of having his false criminal record expunged.

## X.

### Exemplary and Punitive Damages

32. The Pittsburg Defendants wrongful actions were wanton, malicious, with reckless indifference and/or done with the specific intent to cause substantial damage and injury to Plaintiff Tigert, rendering appropriate the award of punitive and exemplary damages against each of the Pittsburg Defendants in their individual capacities.

## XI.

### Attorney Fees

33. Pursuant to 42 U.S.C. §1988, Plaintiff Tigert seeks recovery of all reasonable and necessary attorney's fees and costs of court.

## XII.
### Jury Demand

34. Plaintiff Tigert demands a trial by jury on all issues so triable.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Pal Tigert prays that this Court:

a. Enter Judgment on behalf of Plaintiff Pal Tigert against Defendants Rogers, Rodriguez and Perez, both individually and jointly, for compensatory damages in an

  amount sufficient to fully and completely compensate Plaintiff Tigert for his actual damages proximately caused by the Pittsburg Defendants' wrongful and unconstitutional actions.

b. Enter Judgement on behalf of Plaintiff Pal Tigert against Defendants Rogers, Rodriguez and Perez, both individually and jointly, for punitive and exemplary damages in an amount sufficient to punish Defendants Rogers, Rodriguez and Perez, and to deter them and other peace officers from engaging in the same type of unconstitutional conduct.

c. Award Plaintiff Pal Tigert a reasonable attorney fee and his costs of court herein expended as authorized by 42 U.S.C. §1988.

d. Grant Plaintiff Pal Tigert a trial by jury on all issues so triable.

e. Grant Plaintiff Pal Tigert any and all additional relief to which he may appear to be entitled, including pre-judgment interest, post-judgment interests and his costs herein expended.

    Respectfully submitted,

    **BOON CALK ECHOLS COLEMAN & GOOLSBY, P.L.L.C.**
    1800 NW LOOP 281, SUITE 303
    Longview, Texas 75604
    (903)759-2200 Phone
    (903)759-3306 Fax

    BY: /s/ *Darren K. Coleman*
      DARREN K. COLEMAN
      State Bar No. 04558570
      attorney-in-charge
      darren.coleman@boonlaw.com

      BRADLEY R. ECHOLS
      State Bar No. 06390450
      bradley.echols@boonlaw.com

    **ATTORNEYS FOR PLAINTIFF PAL TIGERT**